**Marquis Aurbach Coffing**
JASON M. GERBER, ESQ.
Nevada Bar No. 9812
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711
jgerber@maclaw.com

**Perry & Perry, PLLP**
SHAWN M. PERRY, ESQ.
Minnesota Bar No. 185000
Parkdale Plaza, Suite 336
1660 Highway 100 South
Minneapolis, MN 55416
(952) 546-3555
shawn.perry@pppllp.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES A. HOLMQUIST AND SCOTT A. WHITE,<br><br>Plaintiffs,<br><br>vs.<br><br>EXOTIC CARS AT CAESARS PALACE, LLC, A NEVADA LIMITED LIABILITY COMPANY AND RICHARD L. WEISMAN, INDIVIDUALLY,<br><br>Defendants. | Case No: 2:07-cv-00298-RLH-GWF |

### PLAINTIFFS' PROPOSED ORDER ON PLAINTIFFS' MOTION TO ARREST DEFENDANT/JUDGMENT DEBTOR RICHARD L. WEISMAN PURSUANT TO NRS § 31.470, *ET SEQ.*

THIS MATTER having come on for hearing before this Court on October 10, 2017 on Plaintiffs' Motion to Arrest Defendant/Judgment Debtor Richard L. Weisman Pursuant to NRS § 31.470, Et Seq., Shawn M. Perry, Esq. and Jason M. Gerber, Esq. appeared on behalf of Plaintiffs James A. Holmquist and Scott A. White, who were present at the hearing. Roger P. Croteau, Esq. appeared on behalf of Defendant Richard L. Weisman ("Weisman"). Mr. Weismann was not present at the hearing. The Court, having considered the oral argument of

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:10263-001 3220129_1 10/13/2017 11:59 AM

counsel, all of the pleadings, papers and documents on file herein, being fully advised on the issues, and good cause appearing, the Court hereby orders as follows:

1. On or before October 31, 2017, the parties shall file simultaneous briefs addressing the following issues:

   a. Does Nevada law permit this Court through a writ of execution, as implemented through Rule 69, to seize assets of a debtor in another state, in this case Florida, and to seize assets of non-party individuals or entities in another state?

   b. Can the Court order the arrest of Mr. Weisman if the Court does not find that there are current assets or income that may be used in part to satisfy the judgment?

   c. Can the Court order the arrest of Richard Weisman if it finds that he has commingled his assets with those current assets held in his wife's name?

   d. If Shirin Weisman decides that she does not want to participate in the evidentiary hearing referenced in Paragraph 7 below, can this Court compel her to appear at an evidentiary hearing before this Court in Las Vegas, Nevada?

2. On or before November 17, 2017, Richard Weisman, through his counsel, shall file with the Court and serve upon Plaintiff's counsel a disclosure in spreadsheet format containing the following information:

   a. An annual accounting of Mr. Weisman's assets, liabilities, income and expenses ("Accounting") for the years 2007 to present.

   b. The Accounting shall specifically identify any and all entities, financial instruments and/or financial institution accounts that Mr. Weisman has been a signatory on and from which he has received cash from or a repayment of an expense advanced whether or not such assets or businesses are owned by others, including his wife, his mother-in-law or his children.

   c. Provide a detailed description of the name, address and telephone numbers of all persons or entities from which he received any type of remuneration,

MAC:10263-001 3220129_1 10/13/2017 11:59 AM

including income, expense reimbursements or other value from 2014 to the present.

    d.    Provide the current home and business addresses for him and his wife.

    e.    Provide a detailed description of his current employment, including job descriptions, the name, address and phone numbers of his employer, compensation and benefits, regardless if he is classified as an employee, contractor, owner or some other capacity.

3.    Produce copies of all source documents or data, including without limitation, bank statements, payroll records, employment contracts from which the disclosures required by Paragraph 2 of this Order were derived. Provided, however, that Mr. Weisman shall not be required to produce information that is already in Plaintiffs' possession only if Mr. Weisman's counsel provides Plaintiffs' counsel a listing of documents and data no later than November 10, 2017 and Plaintiffs indicate they already have such information.

4.    On or before November 17, 2017, Richard Weisman, through his counsel, shall file a sworn affidavit attesting that the information in the disclosures required by Paragraphs 2 and 3 of this Order are a true, accurate and complete listing of all of his assets, liabilities, income (including expense reimbursements) and expenses and that he is not aware of any other assets or income connected to himself.

5.    Counsel for the parties shall appear before the Court on November 29, 2017 at 10:30 am for a hearing on the issues that are to be briefed pursuant to Paragraph 1 of this Order and to review and address any issues pertaining to the adequacy of the Accounting that Mr. Weisman has been ordered to produce pursuant to Paragraphs 2 and 3 of this Order.

6.    On or before November 17, 2017, Mr. Weisman's counsel shall notify the Court and Plaintiffs' counsel whether Shirin Weisman will voluntarily produce business records and financial information under her control and custody that is responsive to Paragraphs 2 and 3 of this Order and whether she will voluntarily attend the second hearing to provide live testimony so the Court and parties can determine how to proceed regarding the same.

MAC:10263-001 3220129_1 10/13/2017 11:59 AM

7. Upon the completion of the November 29, 2017 hearing, the Court will schedule a second hearing that the Court anticipates will be set in early January, 2018. Defendant Richard Weisman will be Ordered to personally appear at the second hearing to provide live testimony concerning his historical and current financial condition, and his ability to pay the judgment in this case. Mr. Weisman will be subject to examination by the Court and counsel for the parties at said hearing.

8. IT IS FURTHER ORDERED that the failure to obey this Order may result in the imposition of sanctions, including but not limited to contempt, monetary sanctions, granting of the opposing party's Motion or case-dispositive sanctions.

IT IS SO ORDERED this __16th__ day of __October__, 2017.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

Respectfully Submitted by:

MARQUIS AURBACH COFFING


By: /s/ Jason M. Gerber
    JASON M. GERBER, ESQ.
    Nevada Bar No. 9812
    10001 Park Run Drive
    Las Vegas, Nevada 89145

PERRY & PERRY, PLLP


By: /s/ Shawn M. Perry
    SHAWN M. PERRY, ESQ.
    Minnesota Bar No. 185000
    Parkdale Plaza, Suite 336
    1660 Highway 100 South
    Minneapolis, MN 55416

*Attorneys for Plaintiffs*

MAC:10263-001 3220129_1 10/13/2017 11:59 AM

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **PLAINTIFFS' PROPOSED ORDER ON PLAINTIFFS' MOTION TO ARREST DEFENDANT/JUDGMENT DEBTOR RICHARD L. WEISMAN PURSUANT TO NRS § 31.470, *ET SEQ.*** to be filed electronically with the Clerk of the Court for the United States District Court of Nevada by using the CM/ECF system on the 13th day of October, 2017.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

| | |
|---|---|
| Jason M. Gerber, Esq. | jgerber@maclaw.com |
| Shawn M. Perry, Esq. | shawn.perry@pppllp.com |
| | jj@pppllp.com |
| Roger P. Croteau, Esq. | croteaulaw@croteaulaw.com |

☐ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

N/A

*/s/ Suzanne Boggs*
An employee of Marquis Aurbach Coffing

MAC:10263-001 3220129_1 10/13/2017 11:59 AM